**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**CRAWL SPACE DOOR SYSTEM, INC.,**

    **Plaintiff,**

v.                                                                                           Case No. _____

**RISK REDUCTION PLUS GROUP, INC.**

    **Defendant**

**Serve:**
    **Thomas S. Little, Jr., Registered Agent
430 Andbro Drive, Unit 1
Pitman, New Jersey 08071**
_____/

**COMPLAINT**

NOW COMES Plaintiff, Crawl Space Door System, Inc. ("CSD") and for its Complaint against defendant Risk Reduction Plus Group, Inc. ("Risk Reduction"), states as follows.

**NATURE OF THE ACTION**

1. This is a civil action for violations of the Lanham Act, 15 U.S.C. § 1125, in particular false advertising by Risk Reduction related to CSD's goods.

**PARTIES**

2. Plaintiff Crawl Space Door System, Inc. ("Crawl Space") is a Virginia corporation with its principle office location at 5741 Bayside Road, #105, Virginia Beach, Va. 23455.

3. Defendant Risk Reduction Plus Group, Inc., ("Risk Reduction") is a New Jersey corporation with its principle office located at 430 Andbro Drive, Unit 1, Pitman, New Jersey 08071.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 USC § 1331 and 28 USC § 1337 as the claims herein arise under Federal Statute, particularly the Lanham Act, 15 USC § 1051 *et seq*. This Court also has subject matter jurisdiction under 28 USC § 1332 as there is complete diversity among the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

5. Venue is proper in this district under 28 USC § 1391 as all defendants transact business in this venue.

## INTERSTATE COMMERCE

6. The products at issue in this case are sold in interstate commerce, and the unlawful activities alleged in this Complaint have occurred in, and have had a substantial effect upon, interstate commerce.

## BACKGROUND

7. Flood vents are devices intended to be installed in crawl spaces and the like. Flood vents allow flood water to pass through foundation and other building walls, thereby relieving water pressure against a structure to avoid structural damage during flood events.

8. The Federal Emergency Management Agency ("FEMA") promulgates guidelines for flood vents, allowing flood vent manufacturers to claim that their products are "FEMA compliant" so long as their flood vents meet the FEMA guidelines.

9. The National Flood Insurance Program ("NFIP") promulgates guidelines for flood vents, allowing flood vent manufacturers to claim that their products are "NFIP compliant" so long as their flood vents meet the NFIP guidelines.

10. The use of FEMA and NFIP compliant flood vents allows the consumer to obtain

significantly reduced flood insurance premiums.

## FACTS

11. Risk Reduction Plus Group ("Risk Reduction") was formed in 2014 in the state of New Jersey.

12. Risk Reduction is a private insurance company that provides, among other services, flood insurance. The use of FEMA-compliant flood vents allows for reduced premiums under the National Flood Insurance Program (NFIP).

13. In the sale of insurance as well as through other means such as seminars and classes, Risk Reduction has been falsely telling the marketplace that CSD's vents are non-engineered, non- FEMA and NFIP compliant, and that therefore will not qualify for a reduction in flood insurance rates.

14. CSD's flood vents are in fact FEMA and NFIP compliant. *Smartvent v. Crawl Space Doors*, Case No. 1:13cv05691, DKT. 94 (D.N.J. August 16, 2016). Risk Reduction has known this fact, even prior to entry of the Order holding them to be FEMA and NFIP compliant.

15. Despite that knowledge Risk Reduction continued to intentionally provide false information to customers of Crawl Space and to potential customers of Risk Reduction.

16. For example, in a March of 2019 email exchange Andrew Farrell, an insurance broker at Risk Reduction told an individual seeking an insurance quote that the Crawl Space vents installed in her property "do not cover the amount [of square footage] their certification states it does." After the customer contacted Crawl Space to ask for clarification, and was advised that Risk Reduction's assertions were wrong and, in fact, had been specifically found to be wrong by the Court in the New Jersey Case, Farrell responded to the customer that Crawl Space flood vents do not service the amount of enclosed space that they a certified to service (and thus are

FEMA compliant), and that Crawl Space flood vents "do not meet the requirements of the National Flood Insurance Program . . . [and] those vents will not allow the structure to meet the reduced-premium requirements under the NFIP," statements which Risk Reduction knows to be false.

17. Because flood vents are sold throughout the United States, the actions by Risk Reduction took place and are continuing to take place in interstate commerce.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1125

18. Crawl Space hereby realleges and incorporates by reference the allegations of preceding paragraphs as if fully set forth herein.

19. Risk Reduction, by and through the actions above, has been and continues to violate 15 U.S.C. § 1125.

20. Crawl Space and consumers of flood vents and flood insurance have been and will continue to be directly harmed by the acts of Risk Reduction. Crawl Space and consumers of flood vents and flood insurance have been and will continue to be directly harmed by the acts of Risk Reduction.

## PRAYER FOR RELIEF

WHERFORE, Crawl Space Doors prays for judgment against Defendant and for the following relief:

A. A declaration that the conduct alleged herein is in violation of 15 U.S.C. § 1125.

B. Permanent injunctive relief (i) enjoining Defendant from continuing their illegal conduct; and (ii) requiring Defendant to take affirmative steps to dissipate the continuing effects of their prior unlawful conduct;

C. An award of Plaintiffs' damages as provided for under 15 U.S.C. § 1117, in an amount to be determined at trial;

D. An award of Plaintiffs' costs of suit, including reasonable attorneys' fees as provided by law; and

E. Such other and further relief as the Court deems just and proper.

                              CRAWL SPACE DOOR SYSTEM, INC.

                              By: /s/ Duncan G. Byers
                                     Of Counsel

Dated: June 24, 2020

Duncan G. Byers, Esq. (Va. Bar #48146)
Andrew J. Dean, Esq. (Va. Bar #88192)
PATTEN, WORNOM, HATTEN & DIAMONSTEIN
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Telephone: (757) 223-4500
Facsimile: (757) 249-1627
dbyers@pwhd.com
adean@pwhd.com
*Counsel for the Plaintiff,*
*Crawl Space Door System, Inc.*